IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLI JUNG,

                      Plaintiff,                        OPINION & ORDER

    v.

                                                              14-cv-241-jdp

COTTONWOOD FINANCIAL WISCONSIN,
LLC, and KOHN LAW FIRM, S.C.,

                      Defendants.

---

      To help manage her affairs during a difficult financial time, plaintiff Kelli Jung took out a short-term loan from defendant Cottonwood Financial Wisconsin, LLC, d/b/a "The Cash Store." Despite making several payments, Jung could not repay the balance of the loan on time. Cottonwood declared her account in default and obtained a judgment against her in Wisconsin state court. With the judgment in hand, Cottonwood enlisted defendant Kohn Law Firm, S.C. to collect Jung's debt. Kohn served a notice of earnings garnishment on Jung and her Minnesota employer, Tena Companies, Inc., but did not file a transcript of Cottonwood's judgment with any Minnesota court. After garnishing nine of Jung's paychecks, defendants recovered the full past due amount on the initial loan.

      Less than a year later, Jung brought this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Wisconsin Consumer Act (WCA), Wis. Stat. § 427.101 *et seq.*, alleging that defendants violated provisions of each act through their extra-territorial use of a Wisconsin judgment. Jung also asserted state law claims for abuse of process and conversion.[1] Defendants moved to dismiss, Dkt. 3, and the parties briefed the motion. Since the court took defendants' motion under advisement, however, Jung has filed an amended

---

[1] Jung initially brought a claim under 42 U.S.C. § 1983 as well, but the court granted the parties' joint stipulation to dismiss that claim with prejudice. Dkt. 19.

complaint. Dkt. 21. Defendants responded with a renewed motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which is the matter now before the court. Defendants principally contend that the *Rooker-Feldman* doctrine bars the court from exercising subject matter jurisdiction over Jung's claims. The court agrees and will grant defendants' motion to dismiss.

ALLEGATIONS OF FACT

In setting forth these facts, the "court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). Because defendants raise a factual challenge to subject matter jurisdiction, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (internal citations omitted). The court therefore draws the following facts from Jung's complaint, the parties' state court pleadings, and defendants' affidavits and exhibits in support of their motion to dismiss.

In July 2012, Jung took out a short-term loan from Cottonwood in the amount of $1,901.00. Jung used the loan to pay for personal, family, and household goods and services, and she agreed to repay the loan by making 13 payments of $419.40 each.[2] Although Jung initially kept up with her payments, she eventually became unable to repay the balance of the loan. Cottonwood declared Jung's account in default and brought suit in the Wisconsin Circuit Court for Saint Croix County, case number 2013SC000056, to recover the amount due. Jung never answered Cottonwood's complaint, but she appeared at the return hearing in person and

---

[2] Jung alleges that she was to make one payment per month for 13 months, Dkt. 21, ¶ 29, but a review of the loan document shows that her payments were only spread over five months, Dkt. 24-1, at 1.

did not contest the amount due. On March 19, 2013, the state court entered judgment against her for $3,776.83, the amount owed plus fees and costs.

At all times relevant to this case, Jung was employed by Tena Companies, which is located in Minnesota. After the Wisconsin court entered judgment against Jung, Cottonwood sought assistance from Kohn, a law firm, to collect on the judgment. In April 2013, Kohn filed an earnings garnishment notice with the Wisconsin state court and served garnishment documents on both Jung and Tena Companies.[3] Kohn did not, however, file a transcript of the Wisconsin court's judgment in Minnesota.[4] When the initial 13-week garnishment period expired, Jung signed a stipulation to extend the period for another 13 weeks. By July 2013, Cottonwood had garnished enough of Jung's wages to satisfy the judgment.

In November 2013, Jung moved the state court for permission to file and serve a supplemental complaint. Jung asserted that Cottonwood violated portions of the WCA by pursuing extra-territorial wage garnishment—the same claim she now raises in this court—and she sought to recover her garnished wages. On January 9, 2014, Circuit Court Commissioner Timothy C. Heckmann denied Jung's motion. The commissioner concluded that Wisconsin law gives courts the discretion to allow supplemental pleadings, but that there were no transactions or occurrences that warranted such pleadings in Jung's case. Jung did not appeal the ruling to the circuit court judge, nor has she challenged the underlying judgment against her through the state's appellate courts.

---

[3] The publicly available docket sheet for the state court proceedings identifies Tena Companies as a garnishee and provides the company's Minnesota mailing address. Thus, defendants made the state court aware that they planned to pursue extra-territorial garnishment.

[4] In September 2013, Cottonwood filed a transcript of its judgment in the Wisconsin Circuit Court for Pierce County. Although it is unclear what purpose this maneuver served, Jung alleges that it was done either negligently or to harass her.

On April 1, 2014, Jung brought this action alleging that defendants' extra-territorial use of a Wisconsin garnishment notice violated provisions of the FDCPA and the WCA, and constituted both an abuse of process and a conversion under Wisconsin law. She seeks compensatory damages, including disgorgement of all wrongfully garnished wages; statutory damages under Wisconsin and federal law; punitive damages; and an order enjoining defendants from further violating Wisconsin and federal law. After Jung amended her complaint, defendants responded with a motion to dismiss.

ANALYSIS

In their motion to dismiss, defendants offer three alternative reasons why the court should not hear this case. Defendants first contend that the *Rooker-Feldman* doctrine prevents Jung from using the federal courts to reverse a state court's decision to garnish her wages. Had Jung wanted to challenge the decision, defendants argue, she should have pursued a direct appeal. Defendants also assert that Jung's claims are barred by the theory of claim preclusion and that she fails to state a claim under Wisconsin law.[5] The court need not address defendants' alternative arguments, however, because defendants are correct that the *Rooker-Feldman* doctrine prevents this court from exercising subject matter jurisdiction over Jung's claims.

The *Rooker-Feldman* doctrine is grounded in principles of federalism and requires respect for the authority of state courts to decide the cases before them. "Simply put, the *Rooker–Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state

---

[5] Jung filed a motion to strike portions of defendants' reply brief, which, according to Jung, included new arguments that defendants offered in support of their motion to dismiss for failure to state a claim. Dkt. 28. The court denied the motion, stating that it would simply disregard any new arguments in the reply brief. Dkt. 29. Because the court will not reach defendants' motion to dismiss for failure to state a claim, the issue of which arguments are "new" is effectively moot.

4

court judgments because no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.'" *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (internal citations and alterations omitted). The doctrine extends beyond claims alleging that a state court judgment itself caused the federal plaintiff's injury, and also prevents federal district courts from exercising subject matter jurisdiction over claims that are "inextricably intertwined" with state court decisions. "The determination of whether a federal claim is 'inextricably intertwined' hinges on whether it alleges that the supposed injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012). Here, Jung's claims are inextricably intertwined with the state court's authorization and oversight of defendants' garnishment efforts. Thus, if Jung wants to challenge these decisions, she must pursue review in Wisconsin's courts.

Jung's approach to the *Rooker-Feldman* issues in this case is to classify her complaint as one that "does not attack the [state court] judgment, but rather attacks post judgment collection actions." Dkt. 25, at 4. She observers that, under Wisconsin law, a garnishment action is a separate action from the underlying proceeding. Wis. Stat. §§ 812.01(2a), 812.32; *see also Paul Davis Restoration of S.E. Wis., Inc. v. Paul Davis Restoration of Ne. Wis.*, 2013 WI 49, ¶ 10, 347 Wis. 2d 614, 831 N.W.2d 413 ("We also note that it is well established that a garnishment action is an action independent of the judgment for which it seeks to recover payment and is instituted separately according to statute."). Jung may be correct that she is not directly attacking the state court judgment against her, but her argument lacks force because the *Rooker-Feldman* doctrine applies to more than just formal "judgments." Indeed, a court must "look beyond the four corners of the complaint to discern the *actual injury* claimed by the plaintiff."

5

*Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (original emphasis). Here, Jung's "actual injury" is the state court's approval of defendants' request to garnish her wages, without which there would not have been any allegedly unlawful collection practices. In fact, part of the relief she seeks is an order requiring defendants to return the money that they collected from her through garnishment. *See* Dkt. 21, at 11. It is therefore immaterial to the *Rooker-Feldman* analysis that Jung does not specifically ask this court to reverse the underlying judgment against her—the "actual injury" she alleges is the result of a state court determination. Given that Jung's actual injury resulted from the state court-approved garnishment proceedings, the question becomes whether this court can adjudicate the case without revisiting the propriety of the state court's actions; if not, then Jung's claims are inextricably intertwined and must be dismissed.

When a state court judgment gives rise to an allegedly unlawful collection effort, the Seventh Circuit has applied *Rooker-Feldman* to bar plaintiffs from challenging the effort under the guise of a FDCPA claim. In *Kelley v. Med-1 Solutions, LLC*, the court of appeals considered whether the plaintiffs (defendants in state court) could bring FDCPA claims against an opposing attorney who misrepresented her right to recover fees from them during a state court debt collection action. 548 F.3d 600, 601-03 (7th Cir. 2008). After her misrepresentations, the attorney successfully convinced the state court to include an award of fees in its final judgment. *Id.* When the plaintiffs later learned that the attorney had violated provisions of the FDCPA in pursuing fees, they filed an action in federal district court. *Id.* That court dismissed their FDCPA claims under *Rooker-Feldman*. *Id.* On appeal, the Seventh Circuit affirmed. The court of appeals began by rejecting the plaintiffs' attempts to analogize to *Long v. Shorebank Development Corp.*, a case in which the Seventh Circuit held that *Rooker-Feldman* did not bar federal plaintiffs from using the FDCPA to address wrongful debt collection practices that were "independent of and

6

complete prior to the entry of the [state court's] order." 182 F.3d at 556.[6] The court distinguished *Long*, emphasizing that the *Kelley* plaintiffs were alleging an injury (the loss of fraudulently obtained fees) that could not have occurred without state court approval. The *Rooker-Feldman* doctrine therefore applied because:

> [T]he defendants needed to convince the state courts that they were entitled to attorney fees in order to succeed in extracting money from plaintiffs [and thus,] the FDCPA claims that plaintiffs bring ultimately require us to evaluate the state court judgments. We could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees.

548 F.3d at 605. The court of appeals observed that the plaintiffs in *Kelley* were exactly the type of litigants that *Rooker-Feldman* "anticipates and guards against: state court losers, who, in effect, are challenging state court judgments." *Id.*

In this case, defendants contend that *Kelley* compels dismissal of Jung's claims because defendants had to convince a state court that they were entitled to garnish Jung's wages. Defendants argue that, under *Kelley*, questions of whether garnishment was proper are inextricably intertwined with the state court's decision to issue a garnishment notice, and therefore barred under *Rooker-Feldman*. In opposing defendants' motion to dismiss, Jung does not confront (or even mention) *Kelley*. *See* Dkt. 25, at 4-5. Instead, she directs the court to cases from other circuits and suggests that "courts generally find that post judgment collection actions such as garnishment, do not implicate *Rooker-Feldman*." *Id.* at 4. Defendants correctly observe,

---

[6] Jung does not allege any unlawful actions that occurred before the state court's garnishment notice. But *Long* nevertheless guides the court's analysis because the case demonstrates how a federal plaintiff's complaint can raise issues which are "independent" of a state court judgment and what Jung would have to allege to avoid the *Rooker-Feldman* doctrine in this case. For example, Jung could likely bring a claim if defendants had, post-judgment, tried to collect on their judgment through harassing phone calls and similar tactics. Such conduct would be beyond the scope of any state court order, and therefore "independent" for *Rooker-Feldman* purposes.

however, that the cases on which Jung relies to support her generalization all have distinguishing, dispositive facts, which Jung largely overlooks. More importantly, whatever persuasive value Jung's citations have, this court is bound by Seventh Circuit precedent and the decision in *Kelley* is on-point. Not surprisingly, decisions from within this circuit confirm that *Rooker-Feldman* bars district courts from evaluating claims relating to state court garnishment orders. *See, e.g.*, *Harold v. Steel*, No. 13-cv-173, 2014 WL 1316593, at *2 (S.D. Ind. Mar. 31, 2014) ("The *Rooker–Feldman* doctrine, as applied in the Seventh Circuit, denies subject matter jurisdiction to this Court because [the plaintiff's] claims are inextricably intertwined with the state court's garnishment order . . . . courts have repeatedly considered garnishment orders to fall under the doctrine."); *Stefanski v. McDermott*, No. 08-cv-123, 2009 WL 418254, at *4 (N.D. Ind. Feb. 17, 2009) ("His claims for relief stem from the amount of the judgment, which includes attorney fees and costs, and the related wage garnishment proceedings. These claims are barred by the *Rooker–Feldman* doctrine and belong in the state court of appeals.").[7]

Jung's complaint and the parties' supplemental materials support defendants' position that the *Rooker-Feldman* doctrine applies in this case. Jung alleges that defendants violated both federal and Wisconsin law by using the garnishment notice to collect wages from an out-of-state employer. Dkt. 21, ¶¶ 58-78. But a state court has already considered the merits of this issue, either implicitly, through Jung's repeated failure to raise it, or explicitly, through denying her motion to file a supplemental complaint.

Jung did not object to the garnishment until after defendants had recovered the full amount of their judgment, but "[t]he claims raised in district court need not have been argued

---

[7] Defendants also cite to an unreported order of the Seventh Circuit for the proposition that a "state court judgment giving rise to a garnishment proceeding is not subject to federal court review under *Rooker-Feldman*." Dkt. 23, at 11(citing *Johnson v. Lockyer*, 115 F. App'x 895, 896-97 (7th Cir. 2004)). Circuit Rule 32.1(d) prohibits citing pre-2007 orders of the court of appeals, however, and so the court does not consider the case to be binding precedent.

in the state judicial proceeding for them to be barred by the *Rooker–Feldman* doctrine." *Levin v. Attorney Registration & Disciplinary Comm'n of the Supreme Court of Ill.*, 74 F.3d 763, 766 (7th Cir. 1996). Jung affirmatively alleges that defendants "prepared, filed with the [Wisconsin] court and served on Plaintiff and her employer various legal documents including but not limited to an earnings garnishment, and earnings garnishment exemption notice, and other documents." Dkt. 21, ¶ 40. Wisconsin law requires judgment creditors to submit a notice to the court before garnishing a debtor's wages, and provides that the clerk of court will issue garnishment forms for the creditor to serve on the debtor and garnishee. Wis. Stat. § 812.35. After receiving notice, Jung had the right to "assert any defense to the earnings garnishment, by completing the answer form and delivering or mailing it to the garnishee." *Id.* § 812.37(1). But Jung did not answer or otherwise object; in fact, she later *consented* to an extension of the initial garnishment period, even after defendants had completed several of what she now alleges to have been unlawful garnishments. Defendants are therefore correct to argue that the state court's approval of the garnishment encompassed the very issues Jung now seeks to litigate in this court.

There is an exception to the *Rooker-Feldman* doctrine for claims brought by federal plaintiffs who allege that they did not "have a reasonable opportunity to raise the issue in state court proceedings." *Long*, 182 F.3d at 558. But Jung does not invoke the exception; nor can she, as the record confirms that she had ample opportunity to raise the issue of extra-territorial garnishment in the Wisconsin courts. Thus, even if this court were to construe Jung's brief as suggesting that she was unable to present her position to a state court, the record would flatly contradict applying any such exception to the *Rooker-Feldman* doctrine in this case. Whatever the legality of defendants' collection efforts, they first had to satisfy the state court that they were entitled to garnish Jung's wages from an out-of-state employer. Jung had several opportunities to object, but failed to do so.

Jung's failure to object, however, is not the only reason why the *Rooker-Feldman* doctrine now bars her claims. She has, in fact, already received a written decision from the state court addressing the substance of her federal complaint. Specifically, in asking the state court for permission to file supplemental pleadings, Jung argued that defendants' extra-territorial collection efforts violated state law. Dkt. 15-4, at 11-13. The state court commissioner acknowledged Jung's argument but rejected it as a basis upon which to allow her to file a supplemental complaint. Jung did not appeal the decision to the circuit court judge or through the state appellate system. Again, this court could not consider the claims Jung asserts in her federal complaint without questioning the wisdom of a state court decision.

A plaintiff may not use the federal courts to pursue reversal of a state court determination simply by casting her complaint in the form of an action under a federal statute. But this is exactly what Jung seeks in this case: her federal complaint attempts to use the FDCPA to accomplish in federal court what she should have attempted in the Wisconsin appellate courts. Under *Rooker-Feldman*, this court lacks subject matter jurisdiction over Jung's claims and her case must therefore be dismissed. Having concluded that jurisdiction is lacking, the court need not address defendants' other arguments for dismissal.

ORDER

IT IS ORDERED that:

1) Defendants Cottonwood Financial Wisconsin, LLC, and Kohn Law Firm, S.C.'s motion to dismiss the first amended complaint, Dkt. 22, is GRANTED and this case is DISMISSED for lack of jurisdiction; and

2) The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 25th day of September, 2014.

                                            BY THE COURT:
                                            /s/
                                            JAMES D. PETERSON
                                            District Judge