UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Kelli Jung,                                    Civil File No. 2014-CV-241

          Plaintiff,

vs.

Cottonwood Financial Wisconsin, LLC, and
Kohn Law Firm, SC,

          Defendants.

---

**PLAINTIFF KELLI JUNG'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO ALTER OR AMEND THE SEPTEMBER 26, 2014 OPINION, ORDER AND JUDGMENT OF THIS COURT**

---

## INTRODUCTION

This case was brought by Plaintiff Kelli Jung ("Jung") to redress violations of several consumer protection laws, arising from the defendants' extra-territorial use of Wisconsin legal process. Defendants moved for dismissal pursuant to FED. R. CIV. P. 12, and cited *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) ("*Rooker-Feldman*") as one of their basis. In an opinion, order and judgment filed September 26, 2014 (docket entries 31 & 32), this court granted the motion solely on Rooker-Feldman grounds.

## FACTUAL AND PROCEDURAL BACKGROUND

Jung borrowed money from a payday lender, defaulted, and was sued in Saint Croix County circuit court. First amended Complaint, ¶¶ 26-34. After judgment was entered against her,

-1-

Cottonwood via its attorneys at Kohn law firm, began an earnings garnishment, but served the earnings garnishment extra-territorially on Jung's Minnesota based employer. First amended Complaint, ¶¶ 35-46.

Because Jung's work was performed, and the company was based in Minnesota, the defendants actions exceeded the jurisdiction of the Wisconsin court from which the legal process derived[1]. Jung brought this suit to redress the Defendants violations of the Fair Debt Collection Practices Act (against Kohn Law Firm only) and the Wisconsin Consumer Act. The Defendants moved to dismiss on *Rooker-Feldman* grounds.

In its opinion and order filed September 26, 2014, this court granted the defendants motion. While this court acknowledged that the post judgment wage garnishment was a "separate proceeding," it never the less dismissed Jung's suit on *Rooker-Feldman* grounds based, on its belief that the wage garnishment was "inextricably intertwined" with a state court judgment. Slip opinion at p.5 ("here, Jung's claims are inextricably intertwined with the state court's authorization and oversight of defendants' garnishment efforts."). The court also relied on its view that "Jung's 'actual injury' is the state court's approval of defendants' request to garnish her wages, without which there would not have been any alleged unlawful collection practices." Slip opinion at p. 6. Finally, the court relied on *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 601-603 (7th Cir. 2008), a decision

---

[1] Defendants may argue that *Midland Funding v. Mizinski*, 2014 Wi App 82, 355 Wis.2d 475, ___ N.W.2d ___ (Wis. App. June 17, 2014) rev. denied (Wis. Oct. 6, 2014)(Roggensack and Ziegler dissenting) renders Jung's legal theory void and Jung's claims moot. While this decision **might** kill off many consumer claims for unlawful extra-territorial wage garnishments, it allows those suits to proceed where the debtor's employer has no minimum contacts with Wisconsin, which is the case with Ms. Jung's claims. *Midland Funding*, 2014 Wi App 82 at ¶ 19 ("the circuit court could properly garnish Mizinski's wages because it had personal jurisdiction over Danco.").

where the 7th circuit affirmed a trial court dismissal of a federal suit challenging a state court judgment that awarded attorney fees to a creditor. Slip opinion at pp. 6-8. For the reasons outlined below, each of these basis for a *Rooker-Feldman* dismissal are incorrect, necessitating this motion.

## STANDARD OF REVIEW

A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) is designed to "offer district courts an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). The 7th Circuit has noted that

> Rule 59(e) permits a district court to entertain a motion to alter or amend a judgment. A claimant can invoke the rule to direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact. See *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191-92 (7th Cir.1990). The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir.1986). ... Rule 59(e)'s strict time limit permits the correction of such a mistake at a relatively early, and consequently less expensive, stage in the process of the review of judgments. See *Western Industries, Inc. v. Newcor Canada Limited*, 709 F.2d 16, 17 (7th Cir.1983) ...

*Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

## ARGUMENT

1. **The *Rooker-Feldman* doctrine.**

A final judgment entered in a state court proceeding must be appealed through the state courts and then to the US Supreme Court. A collateral attack filed in federal court lacks jurisdiction. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). For *Rooker-Feldman* to apply, there must actually be a judgment

in state court that is subject to collateral attack by the Plaintiff. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517 (2005). The doctrine, the US Supreme Court has found, "has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction ..." *Saudi Basic Industries Corp*, 544 U.S. at 283.  In reigning in these outlier applications of *Rooker-Feldman* to federal suits, the US Supreme Court declared

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Saudi Basic Industries Corp*, 544 U.S. at 284. The doctrine is now "a narrow doctrine" *Lance v. Dennis*, 546 U.S. 459, 464 (2006).  Its elements are

*   suits "brought by state-court losers"
*   complaining of "injuries caused by state-court judgments"
*   where those suits "invite district court review and rejection of those judgments."

*Id.*

While Jung lost the underlying suit leading to a March 2013 judgment entered against her, the "separate proceeding" of the wage garnishment did not have a separate judgment, the March 2013 judgment did not cause her injuries (the unlawful garnishment did), and at no time has Jung "invite[d] district court review and rejection of [the March 2013] judgment[]."

**2.     This court's belief that Jung's Federal suit is "inextricably intertwined" with the state court judgment is not a basis for imposition of *Rooker Feldman*.**

In her pleadings and in her memo opposing the defendants' motion to dismiss, Jung did not attack the state court's March 13, 2013 default judgment, but rather attacked the defendants' post

judgment collection actions. As noted by Jung in her briefing and as recognized by this court, under Wisconsin law, a garnishment action is a separate proceeding. Wis. Stat. §§ 812.01(2a), 812.32. *Paul Davis Restoration of S.E. Wisconsin, Inc. v. Paul Davis Restoration of Northeast Wisconsin,* 2013 WI 49, ¶ 10, 347 Wis.2d 614, 831 N.W.2d 413 (Wis. 2013)("We also note that it is well established that a garnishment action is an action independent of the judgment for which it seeks to recover payment and is instituted separately according to statute."); *Atchison v. Rosalip,* 3 Pin. 288, 4 Chand. 12 (Wis. 1854).

While this court acknowledged that the post judgment wage garnishment was a "separate proceeding," it never the less dismissed Jung's suit on *Rooker-Feldman* grounds based, on its belief that the wage garnishment was "inextricably intertwined" with a state court judgment. Slip opinion at p.5 ("here, Jung's claims are inextricably intertwined with the state court's authorization and oversight of defendants' garnishment efforts."). In an opinion released by the 7th Circuit the same day as this court filed its decision, the 7th Circuit stated.

> Richardson maintained that the source of his injury is the Law Firm's effort to *collect* the judgment, not the judgment's bare existence, but the district judge saw this as a semantic difference only and wrote that a claim "inextricably intertwined" with a state court's judgment remains covered by *Rooker-Feldman*.
>
> We are skeptical about the wisdom of asking whether something is "intertwined" ("inextricably" or extricably) with a state court's judgment. Lower courts in both *Saudi Basic Industries* and *Lance v. Dennis*, 546 U.S. 459 (2006), added an "inextricably intertwined" rider to the *Rooker-Feldman* doctrine and were reversed for their troubles. Courts should stick with the doctrine as stated in *Saudi Basic Industries*.

*Richardson v. The Koch Law Firm PC*, No. 12-3868, slip onion at pp. 2-3 (7th Cir. September 26, 2014)[2].

3. **This court's belief that "Jung's 'actual injury' is the state court's approval of defendants' request to garnish her wages, without which there would not have been any alleged unlawful collection practices." is simply incorrect.**

The initial judgment in this case was entered in March of 2013. **After** the judgment was entered, the defendants began the "separate proceeding" identified by the Wisconsin Supreme Court in *Paul Davis*. See Wis. Stat. § 812.35 (describing the proceeding for a "commencement of action," i.e. the commencement of a wage garnishments.) This separate proceeding began when the Defendants filed with the state court a garnishment notice, paid a separate filing fee, and then served an authenticated or file stamped copy of the notice of Jung's out of state employer, which began the garnishing of Jung's wages earned and payable out side of Wisconsin. See id.

Clearly, the injury Jung suffered and complains of is not the March 2013 judgment, but rather the allegedly unlawful extra-territorial wage garnishment. The concept that but for the March 2013 judgment there could be no garnishment misses the point - Jung has not challenged the judgment, but rather challenges the **separate** post judgment collection activities. The concept that but for the March 2013 judgment there could be no garnishment also sounds in the recently rejected "inextricably intertwined" defense relied on by this court[3].

---

[2]The authors of Moore's Federal Practice seem to feel that the phrase "inextricably intertwined" has lost most of its cache' in light of *Saudi Basic Industries*, but still holds some water. 18 Moore's Federal Practice §133.33[2][e][iii].

[3]In a Wisconsin wage garnishment, once the garnishment is initiated, any party including the debtor or her employer may file an objection leading to a court hearing. Wis. Stat. §812.38(3)(c). In this proceeding, the court is empowered to make "any order necessary to protect the rights of those interested." Id. Such an order could implicate *Rooker-Feldman*, but

As previously noted and cited by Jung in her memo opposing the Defendants' motion to dismiss, courts generally find that post judgment collection actions such as garnishment, do not implicate *Rooker-Feldman*.  See *Kiowa Indian Tribe of Oklahoma v. Hoover,*  150 F.3d 1163, 1171 (10th Cir. 1998) (Federal Court review of post judgment enforcement procedures does not implicate *Rooker - Feldman*); *Fontana Empire Center, LLC v. City of Fontana,* 307 F.3d 987, 995 (9th Cir. 2002) (challenge to notice of foreclosure sale without challenge to foreclosure judgment and does not implicate Rooker - Feldman); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434. F. 3d 432, 437 (6th Cir. 2006) (filing of false affidavit in post judgment collection proceeding does not implicate *Rooker - Feldman*); *Wyles v. Excalibur I, LLC*, Civ. No. 05-2798 (JRT/JJG), 2006 WL 2583200, slip opinion at p.4 (D.  Minn. 2006) (post judgment collection practices of creditor does not implicate Rooker - Feldman); *Foster v. D.B.S. Collection Agency,* 463 F. Supp. 2d 783, 798 (S.D.Ohio 2006) (unlawful collection practice leading to entry of state court judgment does not implicate Rooker - Feldman); *Anderson v. Gamache & Myers, P.C.,* No. 4:07 CV 336 MLM,  2007 WL 1577610, slip opinion at 9 (E.D. Mo. 2007) ( false affidavit submitted to trial court to obtain judgment does not implicate Rooker - Feldman) ; *Senftle v. Landau,* 390 F. Supp. 2d 463, 469-470 (D. Md. 2005) (FDCPA claim challenging prejudgment collection violations does not implicate Rooker - Feldman); *McCammon  v. Newman & Reynolds, P.A.,* 493 F.Supp.2d 1166, 1173 (D. Kan. 2007) (same), later proceedings, 515 F.Supp. 2d 1220.

---

the initial judgment that allowed the later commencement of the garnishment proceedings would not.

4.     **This court's reliance on an application of *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 601-603 (7th Cir. 2008) is error.**

This court relied on *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 601-603 (7th Cir. 2008) in finding *Rooker-Feldman* and thus dismissing Ms. Jung's suit. *Kelley* concerned a case, where the 7th Circuit affirmed a trial court dismissal of a federal suit challenging a state court judgment that awarded attorney fees to a creditor.

Plaintiff Kelley did not pay for medical care at an Indiana hospital, and was sued in state court to collect the balance. In the state court suit, the collection agency hired by the hospital, and the collection agencies attorneys, asked for and received a judgment for the unpaid balances, and for attorney fees claimed to be incurred in prosecuting the state court suits. The state court entered judgment against Kelley for the unpaid bill and the attorney fees. *Kelley v. Med-1 Solutions, LLC*, 548 F.3d at 602. Kelley then filed suit in federal court under the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692e-f, alleging that the FDCPA was violated, as Indiana Law did not allow the attorney fees to be added to the judgment, where a collection agency brought the suit.

In affirming a dismissal on *Rooker-Feldman* grounds, the 7th Circuit found that Kelley's suit required the district court and the 7th Circuit to "evaluate the state court judgements," and would require an examination of whether "the state court erred by issuing judgments granting the attorney fees." *Kelley*, 548 F.3d at 605. An examination of the propriety of the **amount** of the state court judgment, or the relief granted by a state court judgment (such as an injunction or a declaratory judgment) by a federal district court falls right into *Rooker-Feldman*'s wheelhouse.

To the contrary, Jung has never asked this court to review the March 2013 state court judgment entered against her. She has only challenged the separate proceedings labeled such by the

-8-

Wisconsin Supreme Court in *Paul Davis Restoration of S.E. Wisconsin, Inc. v. Paul Davis Restoration of Northeast Wisconsin,* 2013 WI 49, ¶ 10, 347 Wis.2d 614, 831 N.W.2d 413 (Wis. 2013) and created by the Wisconsin Legislature in Wis. Stat. §§ 812.30 - .44. Stated another way, Jung does not attack the judgment, but rather attacks **post judgment** collection actions. As such, she does not ask this court to overrule the state court judgment, but rather asks the court to award her damages for unlawful post judgment collection acts.

Accordingly, *Kelley* is inapplicable to Jung's claims; this court's conclusion to the contrary is error and requires reversal under rule 59(e).

## V.  CONCLUSION

Plaintiff Kelli Jung's motion to alter or amend the court's September 26, 2014 opinion, order and judgment should be granted.

DATED: October 22, 2014                    s/ Eric L. Crandall
                                                                  Eric L. Crandall, Esq.
                                                                  **CRANDALL LAW OFFICES**, **SC**
                                                                  1237 Knowles Avenue North - PO Box 27
                                                                  New Richmond, Wisconsin 54017
                                                                  715-246-1010
                                                                  Wis. Atty. Lic. No. 1001833

                                                                  Thomas J. Lyons, Sr., Esq.
                                                                  **LYONS LAW FIRM, PA**
                                                                  367 Commerce Court
                                                                  Vadnais Heights, MN 55127
                                                                  651-770-9707
                                                                  Wis. Atty. Lic. No. 1019127

                                                                 **ATTORNEYS FOR PLAINTIFF**

                                                   \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

I certify that on October 22, 2014 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing automatically to all counsel of record.

DATED: October 22, 2014                    s/ Eric L. Crandall
                                                                  Eric L. Crandall, Esq.
                                                                  **CRANDALL LAW OFFICES**, **SC**
                                                                  1237 Knowles Avenue North
                                                                  PO Box 27
                                                                  New Richmond, Wisconsin 54017
                                                                  715-246-1010
                                                                  Wis. Atty. Lic. No. 1001833

                                                                 **ATTORNEY FOR PLAINTIFF**