## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

Kelli Jung,                                          Court File No.: 3:2014-CV-00241

         Plaintiff,

vs.

Cottonwood Financial Wisconsin, LLC, and
Kohn Law Firm, SC,

         Defendants.

## NOTICE OF SUPPLEMENTAL AUTHORITY

       Pursuant to Fed. R. Civ. P. 7(b), the plaintiff notifies the court of supplemental authority, relevant to the plaintiff's pending motion for reconsideration of the court's September 2014 dismissal of this action, and which was decided after the close of briefing on this motion.

       In their motion papers in support of their motion for dismissal, the defendants cited to *Harold v. Steel*, 2014 U.S. Dist. LEXIS 43154 (S.D. Ind., March 31, 2014), for the proposition that Ms. Jung's claims are barred by the *Rooker-Feldman* doctrine. The Seventh Circuit affirmed that decision yesterday, and a copy of that decision is attached here. *Harold v. Steel*, ___ F.3d ___ (7th Cir. Dec. 11, 2014). However, because of differences between Indiana and Wisconsin garnishment laws (both Mr. Harold and Ms. Jung complained in Federal Court of wrongs associated with state court garnishment proceedings), the Seventh Circuit's decision in *Harold*, while relevant in any motion[1] seeking a dismissal on *Rooker-Feldman* grounds, is not determinative of the outcome of Ms. Jung's case.

---

[1] Or a motion seeking a reconsideration of a granting of that motion.

Under Indiana law after a judgment is entered, a creditor may commence a supplemental proceeding under Indiana Code § 34-55-8-7(a). After notice and a hearing, and if the court agrees, the court may issue an order directing the garnishment of the debtor's income to be applied to satisfy the judgment." *American Acceptance Co., LLC v. Willis*, 984 N.E.2d 653, 655 (Indiana App. 2013). In Wisconsin, there is no such hearing; rather a judgment creditor drafts a garnishment notice, files it with the clerk of court along with a filing fee, and then serves an authenticated copy on the judgment debtor's employer. Wis. Stat. § 812.35(1). Stated another way, a wage garnishment in Indiana is preceded by both a money judgment and a court order directing that wages be withheld. A wage garnishment in Wisconsin is preceded by a money judgement, but is not preceded by any court order. While a Wisconsin wage garnishment is preceded by a filed and served garnishment notice, this notice is akin to a summons, and not a court order or judgment. Wis. Stat. § 812.35(1).

Because a garnishment action in Wisconsin is a separate proceeding, there is typically no order or judgment in the garnishment action that acts a bar to federal jurisdiction per the *Rooker-Feldman* doctrine. See Wis. Stat. §§ 812.01(2a), 812.32; *Paul Davis Restoration of S.E. Wisconsin, Inc. v. Paul Davis Restoration of Northeast Wisconsin,* 2013 WI 49, ¶ 10, 347 Wis.2d 614, 831 N.W.2d 413 (Wis. 2013)("We also note that it is well established that a garnishment action is an action independent of the judgment for which it seeks to recover payment and is instituted separately according to statute."); *Atchison v. Rosalip,* 3 Pin. 288, 4 Chand. 12 (Wis. 1854).

While a debtor in Wisconsin can - post garnishment - request a hearing under Wis. Stat. § 812.38, Ms. Jung did not do so. As such, there is no state court order or judgment adverse to Ms. Jung that triggers the *Rooker-Feldman* doctrine. See *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517 (2005) (limiting application of *Rooker-Feldman* to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The only judgment issued in this case was the initial money judgment, which Ms. Jung has not challenged here.

Accordingly, the Seventh Circuit's decision in *Harold v. Steel*, ___ F.3d ___ (7th Cir. Dec. 11, 2014), cited by the Defendants in their motion papers in support of their motion to dismiss, is not controlling of Ms. Jung's motion for reconsideration of the Court's September 2014 dismissal of her action.

DATED: December 12, 2014　　　　　　　　s/ Eric L. Crandall
　　　　　　　　　　　　　　　　　　　　Eric L. Crandall, Esq.
　　　　　　　　　　　　　　　　　　　　**CRANDALL LAW OFFICES**, **SC**
　　　　　　　　　　　　　　　　　　　　1237 Knowles Avenue North
　　　　　　　　　　　　　　　　　　　　PO Box 27
　　　　　　　　　　　　　　　　　　　　New Richmond, WI 54017
　　　　　　　　　　　　　　　　　　　　715-246-1010
　　　　　　　　　　　　　　　　　　　　715-246-1012(f)
　　　　　　　　　　　　　　　　　　　　Consumerlaw@frontiernet.net
　　　　　　　　　　　　　　　　　　　　Wis. Attorney Lic. No. 1001833

　　　　　　　　　　　　　　　　　　**ATTORNEY FOR PLAINTIFF**

　　　　　　　　　　　　*****************

## CERTIFICATE OF SERVICE

I certify that on December 12, 2014 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing automatically to all counsel of record.

DATED: December 12, 2014　　　　　　　 s/ Eric L. Crandall
　　　　　　　　　　　　　　　　　　　　Eric L. Crandall, Esq.