IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLI JUNG,

                Plaintiff,              OPINION & ORDER

v.

                                       14-cv-241-jdp

COTTONWOOD FINANCIAL WISCONSIN,
LLC, and KOHN LAW FIRM, S.C.,

                Defendants.

---

On September 26, 2014, the court granted defendants Cottonwood Financial Wisconsin, LLC, and Kohn Law Firm, S.C.'s motion to dismiss this case for lack of subject matter jurisdiction because the *Rooker-Feldman* doctrine bars plaintiff Kelli Jung's suit. Dkt. 31. Jung seeks reconsideration of that decision. Dkt. 33. She contends that the court incorrectly applied the *Rooker-Feldman* doctrine, and that her claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Wisconsin Consumer Act (WCA), Wis. Stat. § 427.101 *et seq.*, can proceed in this court. For the most part, Jung advances the same arguments in support of her motion for reconsideration that she raised in opposing defendants' motion to dismiss. But Jung fails to identify any manifest error of law in the court's earlier decision, and her motion will be denied.

ALLEGATIONS OF FACT

In its earlier opinion, the court recounted Jung's factual allegations. *See* Dkt. 31, at 2-4. The facts of this case remain unchanged, but the court summarizes the pertinent details.

In July 2012, Jung took out a short-term loan from Cottonwood in the amount of $1,901.00. Jung became unable to repay the loan, and Cottonwood declared her account in default. The company brought suit in a Wisconsin state court, which ultimately entered

judgment against Jung for $3,776.83. Defendants then filed an earnings garnishment notice with the Wisconsin state court and served garnishment documents on both Jung and her out-of-state employer, Tena Companies. When the initial 13-week garnishment period expired, Jung signed a stipulation to extend the period for another 13 weeks. By July 2013, defendants had garnished enough of Jung's wages to satisfy the judgment.

In November 2013, Jung moved the Wisconsin court for permission to file and serve a supplemental complaint. Jung asserted that defendants violated portions of WCA by pursuing extra-territorial wage garnishment, and she sought to recover her garnished wages. The state court denied her motion, concluding that Wisconsin law gives courts the discretion to allow supplemental pleadings, but that there were no transactions or occurrences that warranted such pleadings in Jung's case. Jung did not appeal the ruling to the circuit court judge, nor has she challenged the underlying judgment against her through the state's appellate courts.

On April 1, 2014, Jung brought suit in this court, alleging that defendants' extra-territorial use of a Wisconsin garnishment notice violated provisions of FDCPA and WCA, and constituted both an abuse of process and a conversion under Wisconsin law. Defendants moved to dismiss, contending that the *Rooker-Feldman* doctrine bars Jung's suit. The court granted defendants' motion, and Jung has now moved for reconsideration. Defendants did not respond to Jung's motion for reconsideration.

## ANALYSIS

Jung contends that the court incorrectly applied the *Rooker-Feldman* doctrine in dismissing her case, and she moves the court to amend its earlier opinion pursuant to Federal Rule of Civil Procedure 59(e). To prevail on such a motion, Jung "must present either newly discovered evidence or establish a manifest error of law or fact. . . . A 'manifest error' is not demonstrated

2

by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations and quotation marks omitted). Jung does not identify new evidence; instead, she contends that the court has committed a manifest error. Jung raises four points in support of her motion for reconsideration, none of which show manifest error.

For Jung's first point, she directs the court to *Richardson v. Koch Law Firm, P.C.*, a Seventh Circuit case decided on the same day that this court issued its opinion on defendants' motion to dismiss. 768 F.3d 732 (7th Cir. 2014). In *Richardson*, the court of appeals stated that it was:

> skeptical about the wisdom of asking whether something is "intertwined" ("inextricably" or extricably) with a state court's judgment. Lower courts in both *Saudi Basic Industries* [and] *Lance v. Dennis* . . . added an "inextricably intertwined" rider to the *Rooker–Feldman* doctrine and were reversed for their troubles. Courts should stick with the doctrine as stated in *Saudi Basic Industries*. But we need not pursue this matter, because legal activity continued after the district court's decision.

*Id.* at 733-34 (internal citations omitted). Jung thus contends that *Richardson* "rejected [the] 'inextricably intertwined' defense relied on by this court." Dkt. 34, at 6. This is an overstatement; the case does not purport to overrule any earlier decision, nor did the Seventh Circuit hold that district courts may no longer use the "inextricably intertwined" analysis to evaluate *Rooker-Feldman* issues. Indeed, such a holding would be quite bold, given that the Supreme Court used the concept in one of the doctrine's namesake cases, *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). *Richardson* hints that the Seventh Circuit's preferred approach to the *Rooker-Fedlman* doctrine would not turn on the question of whether the relief sought in federal court was "inextricably intertwined" with a state court judgment. But this court's task is to apply precedent as it stands, rather than anticipate Circuit law based on dicta.[1]

---

[1] Jung fails to mention that the court of appeals decided *Richardson* on grounds unrelated to the

3

*See, e.g.*, *Dawaji v. Kohlhoss*, No. 13-cv-6404, 2014 WL 4913741, at *3 n.* (N.D. Ill. Sept. 30, 2014) (acknowledging *Richardson* but nevertheless proceeding to consider whether a federal claim was inextricably intertwined with a state court judgment). *Richardson* does not require the court to revisit its earlier decision, and Jung's motion for reconsideration made no effort to show how this court's decision conflicts with *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280 (2005).

Jung's second point asserts that she is not challenging the Wisconsin court's judgment against her, but rather, she is seeking redress for unlawful collection practices that occurred when defendants garnished her wages. According to Jung, the two are not "inextricably intertwined," and so the *Rooker-Feldman* doctrine does not apply. This argument is a familiar one because it is the same argument Jung made in opposing defendants' motion to dismiss. Repetition has not made the argument more persuasive. *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). ("To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind. . . . A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind.").

To support her point, Jung first reminds the court that in Wisconsin, a garnishment action is a separate action from the underlying proceeding. But the court acknowledged this distinction in its earlier order, and explained that the *Rooker-Feldman* doctrine applies to more than just "formal judgments." Dkt. 31, at 5-6. The court noted that defendants' garnishment activities were approved by a state court and that adjudicating and granting relief on Jung's FDCPA and WCA claims would necessarily require revisiting and reversing that approval. *Id.* at

---

*Rooker-Feldman* doctrine.

5-10. Jung also repeats her contention that "courts generally find that post judgment collection actions such as garnishment, do not implicate *Rooker-Feldman*." Dkt. 34, at 7. She directs the court to the same string cite of cases in her motion for reconsideration that she used to oppose defendants' motion to dismiss. *Compare* Dkt. 25, at 4-5, *with* Dkt. 34, at 7. As the court explained in its earlier order, these cases have distinguishing, dispositive facts, and none of them are from the Seventh Circuit or from district courts within this circuit. Moreover, the court identified decisions from within this circuit which hold that the *Rooker-Feldman* doctrine bars district courts from evaluating claims relating to state court garnishment orders. Dkt. 31, at 8. Jung's motion for reconsideration neither recognizes nor distinguishes these cases, and her second point therefore does not show manifest error.

Jung's third point is that the court improperly relied on *Kelley v. Med-1 Solutions, LLC*, a case in which the Seventh Circuit affirmed a district court that dismissed FDCPA claims on *Rooker-Feldman* grounds. 548 F.3d 600, 605 (7th Cir. 2008). In its earlier opinion, the court noted that Jung failed to mention *Kelley* in her briefing, despite the fact that defendants relied heavily on the case in presenting their motion to dismiss. Dkt. 31, at 7. Now, in her motion for reconsideration, Jung contends for the first time that *Kelley* is distinguishable.

Jung offers no explanation for omitting this argument from her earlier briefing. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). But even if Jung had a reason for her omission, her current attempt to distinguish *Kelley* is not persuasive. Jung asserts that the plaintiff in that case was contesting the amount of a state court judgment, whereas, in this case, Jung is challenging post-judgment collection activities. Jung reads *Kelley* too narrowly. In *Kelley*, the *Rooker-Feldman* doctrine applied because:

5

> the defendants needed to convince the state courts that they were entitled to attorney fees in order to succeed in extracting money from plaintiffs [and thus,] the FDCPA claims that plaintiffs bring ultimately require us to evaluate the state court judgments. We could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees.

548 F.3d at 605. The *Rooker-Feldman* doctrine applies in Jung's case because defendants sought a state court's permission to garnish wages paid by an out-of-state employer. This court cannot adjudicate Jung's FDCPA claim without revisiting the state court's determination, and Jung's belated discussion of *Kelley* does not show manifest error.

For Jung's fourth and final point, she draws the court's attention to another recent Seventh Circuit opinion that discusses state wage garnishments in the context of FDCPA. On December 11, 2014, the court of appeals affirmed a district court's holding that a plaintiff's FDCPA claim of fraudulent conduct during garnishment proceedings was barred under the *Rooker-Feldman* doctrine. *Harold v. Steel*, No. 14-1875, 2014 WL 6981364, at *3 (7th Cir. Dec. 11, 2014). Jung contends that even though *Harold* appears to contradict her position, the case is distinguishable because it involves Indiana law and not Wisconsin law. Jung notes that Indiana courts may, after notice and a hearing, order a debtor's wages to be garnished in satisfaction of a judgment. Dkt. 35, at 2 (citing Ind. Code § 34-55-8-7(a)). According to Jung, Wisconsin law differs in that it does not require courts to hold such hearings or to issue "orders," unless a debtor challenges a garnishment notice filed against her—which Jung did not do in this case.[2]

---

[2] Not only did Jung pass up the opportunity to challenge defendants' garnishment activities in state court, she later *consented* to extending the garnishment period. Jung's concession that the "order" that she could have obtained would have fallen under the *Rooker-Feldman* doctrine only reinforces the court's conclusion that her FDCPA claim is barred. *See* Dkt. 31, at 8-10.

6

*Harold* does not justify reconsidering the court's earlier decision for two reasons. First, judgment creditors cannot begin garnishing a debtor's wages without first filing a notice of garnishment with the clerk of court. Wis. Stat. § 812.35(1). The clerk then issues a garnishment form that bears a case caption and the court's seal. Even if the Wisconsin statutes do not use the term "order" to describe the form, Jung does not explain how the document fails to qualify as a "state court determination[]," upon which *Rooker-Feldman* can operate. *Kelley*, 548 F.3d at 603. Further, Jung *did*, in fact, ask a state court to permit her to challenge defendants' collection efforts. Dkt. 31, at 10. In her state court case, Jung moved to amend her complaint to address what she saw as unlawful out-of-state garnishment. A state court commissioner issued a captioned order denying her motion and explaining that Jung's argument was insufficient to justify amending her pleadings.

In sum, Jung's motion for reconsideration rehashes the same arguments that were unpersuasive in opposing defendants' motion to dismiss, misapplies recent Seventh Circuit decisions on the issue of wage garnishment, and responds to arguments for the first time that she should have responded to when she opposed defendants' motion to dismiss. Jung has not identified any manifest error in the court's earlier opinion, nor has she convinced the court to revisit its conclusion that the *Rooker-Feldman* doctrine bars her claims in this case. Thus, Jung's motion for reconsideration will be denied.

ORDER

IT IS ORDERED that Plaintiff Kelli Jung's motion for reconsideration, Dkt. 33, is DENIED.

Entered January 7, 2015.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge